I respectfully dissent. In construing the statute, the majority looks to the dictionary to define the words "brothel" and "bordello," but curiously then turns to the Ohio Revised Code to define "prostitution" as the word is used in the dictionary definition of "brothel." I find it unlikely that Webster's looked to the Ohio Revised code to find the common meaning of a "prostitute."
In fact, the dictionary defines a "prostitute" as, "a woman who engages in promiscuous sexual intercourse especially for money." Webster's, supra. at 937. "Sexual intercourse * * * involv[es] penetration of the vagina by the penis." Id at 1074.
R.C. 2901.04 demands that we construe statutes defining offenses strictly against the state and liberally in favor of the accused. When seeking a common use of a statutorily undefined word or phrase it is illogical to define the undefined word by reference to some other legislative definition. Had the legislature intended to impose an uncommon meaning, it could have so specifically stated or referenced another section of the code which did define such a word.
Following the statutory dictates of construction, I would find that the conduct attributed to these defendants does not constitute an offense under the section of the statute with which they were charged. If the legislature wishes to make such conduct criminal, it needs do no more than define the word "brothel."
Since, in my view, the charging instrument failed to state an offense, I would not reach the constitutional questions.